# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WESLEY PAGE,<br><br>　　　Plaintiff,<br><br>v.<br><br>BANKSOUTH MORTGAGE COMPANY, LLC,<br><br>　　　Defendant. | CIVIL ACTION<br>FIL NO.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Wesley Page ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant BankSouth Mortgage Company, LLC ("Defendant") as follows:

## INTRODUCTION

1.

This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

2.

Plaintiff is an individual and a consumer under the FCRA. Defendant is a furnisher of information as that term is used in the FCRA.

3.

At all times relevant hereto, Plaintiff was a customer of Defendant and had a mortgage loan with Defendant ending in account number 0786 ("Account"). This case arises under Defendant's false and inaccurate reporting of the Account to the credit bureaus and the harm such reporting caused to Plaintiff. Defendant's inaccurate reporting and other conduct, set forth below, violated the FCRA and Defendant also defamed Plaintiff.

4.

As set forth below, Plaintiff suffered concrete harm because of Defendant's violations of the FCRA and its defamation of Plaintiff.

**PARTIES, JURISDICTION, AND VENUE**

5.

At all times material to this action, Plaintiff was a resident of the State of Georgia and this Judicial District.

6.

At all times material to this action, Defendant was a domestic limited liability company which has a principal place of business in Georgia.

7.

Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: David Holmes, 3290 Northside Parkway NW, Suite 600, Atlanta GA 30327.

8.

The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's state law defamation claim is conferred by 28 U.S.C. § 1367.

9.

Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

10.

Defendant maintains property in this District and Division and is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11.

Plaintiff lives and works in the Atlanta area. In 2022, he opened the Account with Defendant and made all his payments to date on time and/or in accordance with any agreements between the parties hereto.

12.

Defendant reported the Account to the national credit reporting agencies - Equifax, Trans Union, and Experian ("CRAs") - to be included on Plaintiff's credit files with the CRAs.

13.

In September 2024, Plaintiff suffered water intrusion into his home.

14.

On or about October 31, 2024, Defendant approved Plaintiff for a forbearance agreement ("Agreement") with a zero-payment requirement from November 1, 2024 through January 1, 2025.

15.

Plaintiff made all payments due to Defendant under the Agreement in a timely manner. Plaintiff was never late on any of his payments due under the Agreement or otherwise.

16.

Unfortunately, after the parties entered into the Agreement, Defendant, either directly or through its loan servicer/agent, reported to the CRAs that Plaintiff was late on certain of his payments for the Account. Defendant's false and inaccurate reporting took a variety of forms. For example, with one CRA, Defendant inaccurately reported that Plaintiff had a date of first delinquency in

December 2024. In another instance, Defendant inaccurately reported that Plaintiff was $9,424 past due as of April 2025. In others, Defendant inaccurately reported that Plaintiff was late for November 2024, December 2024 and January 2025. This was false and inaccurate. Plaintiff was not late on any of his payments on the Account and did not have a past due balance.

17.

Plaintiff disputed Defendant's inaccurate credit reporting directly with Defendant ("Direct Disputes") and Defendant admitted that its reporting was inaccurate.

18.

Plaintiff also disputed Defendant's inaccurate credit reporting on the Account with the CRAs ("CRA Disputes").

19.

Upon information and belief, Defendant received Plaintiff's CRA Disputes from the CRAs.

20.

Defendant initially corrected some of its inaccurate information about Plaintiff it was reporting to the CRAs.

21.

Unfortunately, notwithstanding its initial correction of some of the inaccurate information it was reporting to the CRAs about Plaintiff, Defendant thereafter reverted to its inaccurate reporting to the CRAs. At the time it reverted to its inaccurate reporting to the CRAs, Defendant had actual knowledge that such reporting was false and inaccurate.

22.

Further, on several occasions, in response to Plaintiff's CRA Disputes, Defendant verified to one or more of the CRAs that Defendant was accurately reporting the late payment history. Defendant failed to undertake a reasonable investigation of Plaintiff's CRA Disputes in violation of the FCRA. Defendant had actual knowledge that it was reporting inaccurate information about Plaintiff to the CRAs during these events.

23.

In response to a dispute Plaintiff made with Defendant, Defendant sent Plaintiff a letter dated March 12, 2024, wherein Defendant advised Plaintiff that it had submitted a correction to the credit bureaus concerning its credit reporting. Plaintiff also made a dispute with the Office of the Comptroller of the Currency ("OCC"). In response, Defendant sent Plaintiff a letter dated May 20, 2025 wherein Defendant stated, in part, that it had issued "two credit corrections" to the

credit bureaus. Defendant had actual knowledge when it sent the March 12, 2025 letter and the May 20, 2025 letter that Plaintiff had not been late on his payments on the Account for November 2024, December 2024, and January 2025 or otherwise.

24.

Defendant violated the FCRA in its handling of Plaintiff's disputes made through the CRAs.

25.

Defendant falsely stated to the CRAs that Plaintiff was late on the Account as set forth above when Defendant had actual knowledge that these statements were false and inaccurate. Defendant thereby recklessly defamed Plaintiff.

26.

As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of harm to his personal and credit reputation from Defendant's reporting of the Account to the CRAs, harm to his credit score attributable to the Account, loss and reduction of pre-existing credit on several accounts, emotional distress, including humiliation, anger, and embarrassment, and the time and effort to review his credit reports and make disputes concerning the Account, attributable to Defendant's violations of the FCRA and other conduct as described herein.

27.

Defendant's conduct was reckless because Defendant had actual knowledge of its inaccurate reporting and verifications to the CRA Disputes.

## COUNT ONE:
### Defendant's Violations of the FCRA

28.

At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

29.

At all times relevant hereto, Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

30.

Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b). Defendant did not undertake reasonable investigations of Plaintiff's disputes with the CRAs concerning the Accounts and did not consider all relevant information provided with such disputes.

31.

Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious damages and harm to Plaintiff described in

Paragraph 26 above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT TWO:
### Defendant's Defamation of Plaintiff

32.

Defendant falsely, and repeatedly, stated to the CRAs that Plaintiff was late on his payments on the Account. This was false. Defendant had actual knowledge that these statements were false when it made them and it made them recklessly and with malice.

33.

Plaintiff was harmed by such false and defamatory statements because they harmed his credit score and caused him to suffer the damages set forth in Paragraph 26 above.

### TRIAL BY JURY IS DEMANDED.

Plaintiff requests a jury trial on all claims.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendant for his actual damages, punitive damages, statutory damages, attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated June 20, 2025.

        Respectfully submitted,

        */s/John A. Love*
        John A. Love
        GA Bar No. 459155
        **LOVE CONSUMER LAW**
        2500 Northwinds Parkway, Suite 330
        Alpharetta, GA 30009
        Telephone: (404) 855-3600
        tlove@loveconsumerlaw.com