# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WESLEY PAGE,<br><br>Plaintiff,<br><br>v.<br><br>BANKSOUTH MORTGAGE COMPANY, LLC and DOVENMUEHLE MORTGAGE, INC.,<br><br>Defendants. | Case No.: 1:25-cv-03437-SEG-JSA |

## FIRST AMENDED COMPLAINT

Plaintiff, Wesley Page ("Plaintiff"), by counsel, hereby files his First Amended Complaint ("Complaint") against Defendants BankSouth Mortgage Company, LLC ("BankSouth") and Dovenmuehle Mortgage, Inc. ("DMI") (collectively "Defendants") as follows:

## INTRODUCTION

1.

This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"). Plaintiff also asserts a state law claim for defamation against Defendant BankSouth.

2.

Plaintiff is an individual and a consumer under the FCRA. Defendants are each a furnisher of information as that term is used in the FCRA. Defendant DMI is a loan servicer for Defendant BankSouth.

3.

At all times relevant hereto, Plaintiff was a customer of Defendant BankSouth and had a mortgage loan with Defendant BankSouth ending in account number 0786 ("Account"). At all times relevant hereto, Defendant DMI was Defendant's BankSouth's loan servicer for the Account. This case arises under Defendants' false and inaccurate reporting of the Account, separately or in concert, to the credit bureaus and the harm such reporting caused to Plaintiff. Defendants' inaccurate reporting and other conduct, set forth below, violated the FCRA and Defendants also defamed Plaintiff.

4.

As set forth below, Plaintiff suffered concrete harm because of Defendants' violations of the FCRA.

**PARTIES, JURISDICTION, AND VENUE**

5.

At all times material to this action, Plaintiff was a resident of the State of Georgia and this Judicial District.

6.

At all times material to this action, Defendant BankSouth was a domestic limited liability company which has a principal place of business in Georgia. At all times material to this action, Defendant DMI was a foreign corporation registered to do business in Georgia.

7.

Defendant BankSouth may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: David Holmes, 3290 Northside Parkway NW, Suite 600, Atlanta GA 30327. Defendant DMI may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046.

8.

The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.

9.

Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

10.

Defendants are subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11.

Plaintiff lives and works in the Atlanta area. In 2022, he opened the Account with Defendant BankSouth and made all his payments to date on time and/or in accordance with any agreements between the parties thereto.

12.

Defendants, separately or in concert, reported the Account to the national credit reporting agencies - Equifax, Trans Union, and Experian ("CRAs") - to be included on Plaintiff's credit files with the CRAs.

13.

In September 2024, Plaintiff suffered water intrusion into his home.

14.

On or about October 31, 2024, Defendant BankSouth approved Plaintiff for a forbearance agreement ("Agreement") with a zero-payment requirement from November 1, 2024 through January 1, 2025.

15.

Plaintiff made all payments due to Defendant BankSouth under the Agreement in a timely manner. Plaintiff was never late on any of his payments due under the Agreement or otherwise.

16.

Unfortunately, after the parties entered into the Agreement, Defendants, acting separately or in concert, reported to the CRAs that Plaintiff was late on certain of his payments for the Account. Defendants' false and inaccurate reporting took a variety of forms. For example, with one CRA, Defendants inaccurately reported that Plaintiff had a date of first delinquency in December 2024. In another instance, Defendants inaccurately reported that Plaintiff was $9,424 past due as of April 2025. In others, Defendants inaccurately reported that Plaintiff was late for November 2024, December 2024 and January 2025. This was false and inaccurate. Plaintiff was not late on any of his payments on the Account and did not have a past due balance.

17.

Plaintiff disputed Defendants' inaccurate credit reporting directly with Defendant BankSouth ("Direct Disputes") and Defendant BankSouth admitted that its reporting was inaccurate.

18.

Plaintiff also disputed Defendants' inaccurate credit reporting on the Account with the CRAs ("CRA Disputes"). Defendant BankSouth made false statements to DMI that Plaintiff was delinquent on the Account as described herein when Plaintiff was not.

19.

Upon information and belief, Defendants, separately or in concert, received Plaintiff's CRA Disputes from the CRAs. Defendant DMI acted as agent for Defendant BankSouth in relation to the credit reporting of the Account at all times relevant hereto.

20.

Defendants initially corrected some of their inaccurate information about Plaintiff they were reporting to the CRAs.

21.

Unfortunately, notwithstanding their initial correction of some of the inaccurate information they were reporting to the CRAs about Plaintiff, Defendants thereafter reverted to their inaccurate reporting to the CRAs. At the time they reverted to their inaccurate reporting to the CRAs, Defendants had actual knowledge that such reporting was false and inaccurate.

22.

Further, on several occasions, in response to Plaintiff's CRA Disputes, Defendants verified to one or more of the CRAs that Defendants were accurately reporting the late payment history. Defendants failed to undertake a reasonable investigation of Plaintiff's CRA Disputes in violation of the FCRA. Defendants had actual knowledge that they were reporting inaccurate information about Plaintiff to the CRAs during these events.

23.

In response to a dispute Plaintiff made with Defendants, Defendant BankSouth sent Plaintiff a letter dated March 12, 2024, wherein Defendant BankSouth advised Plaintiff that it had submitted a correction to the credit bureaus concerning its credit reporting. Plaintiff also made a dispute with the Office of the Comptroller of the Currency ("OCC"). In response, Defendant BankSouth sent Plaintiff a letter dated May 20, 2025 wherein Defendant BankSouth stated, in part, that it had issued "two credit corrections" to the credit bureaus. Defendant BankSouth had actual knowledge when it sent the March 12, 2025 letter and the May 20, 2025 letter that Plaintiff had not been late on his payments on the Account for November 2024, December 2024, and January 2025 or otherwise.

24.

Defendants violated the FCRA in their handling of Plaintiff's disputes made through the CRAs.

25.

Defendants falsely stated to the CRAs that Plaintiff was late on the Account as set forth above when Defendants had actual knowledge that these statements were false and inaccurate. Defendants thereby recklessly defamed Plaintiff.

26.

As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of harm to his personal and credit reputation from Defendants' reporting of the Account to the CRAs, harm to his credit score attributable to the Account, loss and reduction of pre-existing credit on several accounts, emotional distress, including humiliation, anger, and embarrassment, and the time and effort to review his credit reports and make disputes concerning the Account, attributable to Defendant's violations of the FCRA and other conduct as described herein.

27.

Defendants' conduct was reckless because Defendants had actual knowledge of their inaccurate reporting and verifications to the CRA Disputes.

## COUNT ONE:
### Defendants' Violations of the FCRA

28.

At all times relevant hereto, Defendants were each a "person" as that term is defined by 15 U.S.C. § 1681a(b).

29.

At all times relevant hereto, Defendants were each a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

30.

Defendants violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b). Defendants did not undertake reasonable investigations of Plaintiff's disputes with the CRAs concerning the Accounts and did not consider all relevant information provided with such disputes.  Defendant BankSouth is liable for the acts and/or omissions of Defendant DMI in relation to the Account.

31.

Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious damages and harm to Plaintiff described in

Paragraph 26 above, and as a result Defendants are liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

## COUNT TWO:
### Defendant BankSouth's Defamation of Plaintiff

32.

Defendant BankSouth falsely stated to Defendant DMI that Plaintiff was late on his payments on the Account. This was false. Defendant BankSouth had actual knowledge that these statements were false when it made them and it made them recklessly and with malice.  Defendant BankSouth was at least negligent in making its defamatory statements about Planitiff.

33.

 Plaintiff was harmed by such false and defamatory statements because they harmed his credit score and caused him to suffer the damages set forth in Paragraph 26 above including reputational harm.

**TRIAL BY JURY IS DEMANDED.**

Plaintiff requests a jury trial on all claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the judgment be entered in his favor and against Defendants for his actual damages, punitive damages, statutory damages,

10

attorneys' fees and costs, and all other relief deemed just, equitable, and proper by the Court.

Dated: August 7, 2025                    Respectfully Submitted,

*/s/John A. Love*
John A. Love, Esq.
Love Consumer Law
2500 Northwinds Parkway
Suite 330
Alpharetta, Georgia 30009
(404) 855-3600
tlove@loveconsumerlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused a copy of the foregoing to be filed using the Court's electronic filing system which will cause a copy to be served upon all counsel of record.

This 7th day of August, 2025

*/s/John A. Love*
John A. Love
Counsel for Plaintiff